Gilbert Fennema, Plaintiff-Appellant, v. Michael T. Vander Aa, Defendant-Appellee, The Village of South Holland, a Municipal Corporation, and Maria Pochopien, Administratrix of the Estate of Joseph Pochopien, Deceased, Defendants.

Gen. No. 52,287.

First District, First Division.

March 18, 1968.

Rehearing denied April 11, 1968.

William M. Freeman, of Lansing, for appellant.

R. R. McMahan, Lord, Bissell & Brook, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from an order dismissing a petition filed under section 72 which seeks to vacate an order of dismissal of plaintiff's personal injury action.

Plaintiff, Gilbert Fennema, a member of the volunteer fire department of the Village of South Holland, was riding in a Village fire engine, on January 10, 1958, when

he was injured in a collision. Suit was commenced on April 6, 1959. An order of dismissal for want of prosecution was entered on April 28, 1964, because of the failure of any of the parties to appear for a pretrial conference. On January 6, 1967, plaintiff filed a petition pursuant to section 72 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 72) to vacate and reinstate the cause, and this appeal was taken from the order denying the plaintiff's petition.

Plaintiff's petition to vacate the dismissal of the cause is supported by the affidavit of his attorney, William M. Freeman. The petition alleges, inter alia, that the dismissal ". . . should not have been entered for counsel had received no notice of a pre-trial conference in this cause for April 28, 1964 or for any other date . . ." Counsel for defendant objected to the petition on the grounds that it was filed more than two years after the order sought to be vacated was entered, in violation of paragraph (3) of section 72 of the Civil Practice Act, and that no facts were alleged in the petition or in its supporting affidavit to toll the running of the two-year limitation of paragraph (3) of section 72. The petition to vacate was denied on the basis of the foregoing objections.

Plaintiff contends, on appeal, that the order of dismissal was void within the meaning of subparagraph (7) of section 72 which provides that, "Nothing contained in this section affects any existing right to relief from a void order . . ." (Ill Rev Stats 1965, c 110, § 72(7).) Defendant contends, on the other hand, that it is well established law in Illinois ". . . that a judgment is void only if the court entertaining it lacked jurisdiction of the subject matter or parties, or the judgment was procured by fraud upon the court." We have concluded that the issue framed by the respective contentions of the parties is dispositive of this appeal, and therefore, we

find it unnecessary to consider other allegations of the petition or the other contentions raised on appeal.

 Although section 72 is an appropriate method for calling a void judgment to the attention of the court, it is not a necessary method, and the petitioner's exercise of due diligence, a question generally raised under a section 72 petition, cannot be considered in determining whether or not the judgment should be vacated. Oak Park Nat. Bank v. Peoples Gas, Light & Coke Co., 46 Ill App2d 385, 197 NE2d 73. A void judgment is subject to attack at any time, and section 72, in subparagraph 7, provides for the setting aside of void judgments. McDonald v. Neale, 35 Ill App2d 140, 182 NE2d 366.

██ The petition alleges that counsel for plaintiff received no notice of the pretrial conference at which the cause in the instant case was dismissed for want of prosecution. This allegation of fact was not contradicted by defendant, and therefore, must be taken as true. Washington Mfg. Co. v. American Uniform Rental Co., 73 Ill App2d 49, 218 NE2d 499. Furthermore, the record reveals that on May 7, 1964, nine days after plaintiff's suit had been dismissed for want of prosecution, respective counsel appeared before the motion judge at which time plaintiff presented and argued a motion to vacate a previous order entered by the motion judge quashing service of summons on the defendant, Maria Pochopien. The court entered an order denying plaintiff's motion. It is apparent that neither the court nor the respective counsel were aware at the time that the cause had been previously dismissed on pretrial. These further proceedings in the cause, after the order of dismissal had been entered, clearly support plaintiff's allegation that he received no notice of the pretrial conference, and also support an inference that neither party had been informed of the calling of a pretrial conference on April 28th. In the instant case, the court had no authority

to commence proceedings and enter an order without seeing that the parties had received notice of the conference. We conclude, therefore, that the court exceeded its authority in dismissing plaintiff's suit for want of prosecution when plaintiff had received no notification of the pretrial conference. Therefore, the order it entered dismissing the suit was void (see Armstrong v. Obucino, 300 Ill 140, 133 NE 58), and the court erred in denying plaintiff's petition to vacate the void order.

■ ■ A pretrial conference is primarily a procedure to simplify and speed up the trial. It encourages the parties to agree to stipulations of fact and to the admission of documents and generally formulates the issues. The conference frequently leads to a settlement through the aid of the pretrial judge. The conference should not be used for the purpose of summarily dismissing a cause when the plaintiff fails to appear, or, on the other hand, for the purpose of striking the defendant's answer and permitting the plaintiff to prove up his claim when the defendant fails to appear.

■ ■ As we stated in Wolder v. Wolder, 30 Ill App2d 98, 173 NE2d 546, a postal card mailed by the court's clerk or a phone call to the respective attorneys by the court's bailiff, would have obviated the summary dismissal of the action. This procedure should particularly be followed in pretrial conferences, and it would insure the fact that the attorneys have notice. Every means available should be exercised by a judge so as to protect the rights of a litigant to have a trial on the merits.

The order denying the petition to vacate the dismissal of the cause is reversed, and the cause remanded to be reinstated on the trial calendar.

Reversed and remanded with directions.

ADESKO and MURPHY, JJ., concur.