AMERICAN SOCIETY OF LUBRICATION ENGINEERS, Plaintiff-Appellee, v. JAMES ROETHELI *et al.*, Defendants-Appellants.

First District (4th Division) No. 1—91—3892

Opinion filed April 29, 1993.

Parrillo, Weiss & O'Halloran, of Chicago (Maureen T. Murphy and Keely Truax, of counsel), for appellants.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Sean J. Hardy and Nancy J. Arnold, of counsel), for appellee.

JUSTICE CAHILL delivered the opinion of the court:

We are asked here to decide whether or not a court retains jurisdiction and the power to sanction an attorney who agrees at a pretrial conference to a settlement whose terms are incorporated in an agreed dismissal order and who then withholds payment for seven months. We affirm the decision of the trial court and hold that the court may award attorney fees in such a case under Supreme Court Rules 218 and 219 (134 Ill. 2d Rules 218, 219).

On the morning of January 2, 1991, lawyers for the plaintiff and the defendants appeared before a judge on the priority trial call in the municipal division of the circuit court of Cook County. The plaintiff had filed suit in 1987 for damages to its building, which had been struck by the defendants' automobile. A discussion ensued among the lawyers and the judge about the status of the case. The defendants' lawyer offered to settle the case for 70% of the plaintiff's demand. A question arose as to the accuracy of the settlement and the judge readded the dollar amount with a portable calculator. The plaintiff accepted. The court then entered the following order:

"This matter having come before this Court upon the priority trial call and the Court having been advised in the premises that all matters in controversy having been resolved between the parties, and by agreement of the parties, it is hereby ordered that this matter be and is dismissed. *Further that this Court shall retain jurisdiction of this matter in the event that any party fails to execute any necessary document or to pay the agreed settlement amount. It is further ordered that this matter has settled in the amount of $3,103.80.*" (Emphasis added.)

The same day, the defendants' attorney sent a letter to the plaintiff's attorney confirming that the case had been settled. The letter further said that upon receiving a copy of the repair bills, the estimates, a signed release, and a signed proof of loss, the defendants would issue a check for the settlement amount and the matter would be closed.

On February 22, 1991, the plaintiff's attorney sent the defendants' attorney a signed release but did not include the repair bills. On March 4, 1991, the defendants' attorney wrote to the plaintiff's attorney thanking her for the release but again asking for repair bills and a signed proof of loss.

Three more letters from the plaintiff's lawyer to the defendants' lawyer followed. None were answered by the defendants' lawyer. In the first letter on March 6, the plaintiff's attorney requested that a check be issued and reminded defense counsel that the release had been sent on February 22. No mention was made of repair bills. On March 20, the plaintiff's attorney again wrote stating that the repair bills had been previously tendered on January 22, 1988, September 21, 1989, and on the last court date, January 2, 1991. She went on to say that she did not feel she needed to produce the documents a fourth time.

On May 10, the plaintiff's lawyer wrote to demand payment within seven days. She also stated that if payment was not made, she would move to vacate the dismissal order. There was no response.

The plaintiff moved to vacate the dismissal order and for sanctions. On August 22, 1991, after a hearing, the court entered an order which stated that the defendants acknowledged the settlement amount and further granted the plaintiff leave to file a petition for attorney fees.

On September 5, after hearing argument, the judge granted the petition and awarded the plaintiff $436.50 in fees. The judge denied the defendants' motion to vacate the order on October 31. The defendants then filed a notice of appeal.

The parties met again on December 12 for a hearing on the defendants' motion to post an appeal bond. A court reporter was present and the trial judge, commenting on the events of January 2, 1991, said: "As I recall, there was an argument made that the numbers did not add up when in fact they did add up, and we had gone through them on a calculator at the *pretrial conference* \*\*\*." (Emphasis added.)

The defendants make three arguments on appeal: (1) that the court lacked jurisdiction to enter an order for attorney fees, coming as it did seven months after the January 2, 1991, order of dismissal; (2) assuming jurisdiction, no authority exists under which the court is empowered to award attorney fees; and (3) assuming jurisdiction and the authority to award attorney fees, that the defendants did nothing to warrant a sanction.

██ The defendants first argue that the trial court was without jurisdiction when it awarded attorney fees because the award came more than 30 days after the case was dismissed. It is generally true that a trial court only retains jurisdiction to alter judgment orders or grant other relief for 30 days after entry of a final order. *Brigando v. Republic Steel Corp.* (1989), 180 Ill. App. 3d 1016, 1020, 536 N.E.2d 778, 781.

There are, however, exceptions to the general rule and several are relevant here. First, the court explicitly retained jurisdiction under its order dismissing the case. (See, *e.g.*, *Anundson v. City of Chicago* (1970), 44 Ill. 2d 491, 256 N.E.2d 1.) Second, parties revest a court with jurisdiction by participating in further proceedings which are inconsistent with an order of dismissal. (*Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 792, 424 N.E.2d 911, 916.) The defendants' attorney, without objection, appeared and argued at the August 22, 1991, hearing on the plaintiff's motion to vacate and for sanctions. Third, the trial court has inherent authority to enforce its own orders and judgments. (*Adam Martin Construction Co. v. Brandon Partnership* (1985), 135 Ill. App. 3d 324, 326, 481 N.E.2d 962, 964; *Cities Service Oil Co. v. Village of Oak Brook* (1980), 84 Ill. App. 3d 381, 384, 405 N.E.2d 379, 382 ("It is an elementary principle of law that judicial power essentially involves the right to enforce the results of its own exertion").) Last, we hold, and explain later in this opinion, that Supreme Court Rule 219 invests the trial court with jurisdiction in this case.

██ The defendants further claim that at the conference on January 2, 1991, the attorneys orally agreed that repair bills should be tendered before the defendants were required to pay the settlement amount. Since the plaintiff did not tender them until the August 22, 1991, hearing, the defendants argue that any delay was caused by the plaintiff.

We agree with the trial court's finding that the alleged condition was not part of the settlement agreement. No evidence in the record supports the defendants' contention, and the defendants did not deny that the plaintiff tendered the repair bills on three separate occasions.

██ We turn to the fundamental issue in this case: whether or not the judge had statutory or rule authority to impose a fee sanction for the defendants' delay. Authority by statute, agreement, or stipulation is necessary to award attorney fees. (*O'Hare v. Moniak* (1969), 110 Ill. App. 2d 327, 328, 249 N.E.2d 178, 178-79.) The defendants claim that no statute authorizes fee awards for delay in compliance with a settlement agreement. They argue that Supreme Court Rules 218 and

219, upon which the plaintiff relies, only apply to pretrial "discovery" and pretrial "conferences," and not to "settlements."

We reject the defendants' constricted reading and hold that where a voluntary dismissal order entered in open court after a pretrial conference contains language retaining jurisdiction in the trial court "in the event that any party fails to execute any necessary document or to pay the agreed settlement amount," Supreme Court Rules 218 and 219(c) allow for the award of attorney fees if the court finds unwarranted delay in payment.

Rule 218 provides for enforcement of orders entered under agreements reached at pretrial conferences. Rule 218(b) reads: "The court shall make an order which recites any action taken by the court and the agreements made by the parties as to any of the matters considered ***." (134 Ill. 2d R. 218(b).) The order may be enforced under Rule 218(d): "The court shall make and enforce all rules and orders necessary to compel compliance with this rule, and may apply the remedies provided in paragraph (c) of Rule 219." 134 Ill. 2d R. 218(d).

Subpart (c) of Rule 219 applies to all rules in the 200 series and empowers the court, among other sanctions, to: "order that the offending party or his attorney pay the reasonable expenses, including attorney's fees incurred by any party as a result of the misconduct." 134 Ill. 2d R. 219(c).

We are aware that Rule 218, upon which the plaintiff relies to invoke the sanctions authorized by Rule 219, is limited to matters logically flowing from pretrial discovery and settlement conferences. The failure to timely file a brief in response to a motion to dismiss, for example, is not the type of pretrial procedure which falls within the scope of Rule 218. See *Sanelli v. Glenview State Bank* (1984), 126 Ill. App. 3d 411, 418, 466 N.E.2d 1119, 1124.

Unlike the failure to file a brief discussed in *Sanelli*, a settlement agreement is often the logical result of a pretrial conference, and Rule 218 specifically governs pretrial conferences. One purpose of a pretrial conference is to expedite the prosecution of a case, either by hastening a settlement agreement between the parties, or by clarifying the issues and evidence so that a trial on the merits may occur more swiftly. (*Keilholz v. Chicago & North Western Ry. Co.* (1973), 10 Ill. App. 3d 1087, 1091-92, 295 N.E.2d 561, *rev'd on other grounds* (1974), 59 Ill. 2d 34, 319 N.E.2d 46; *Conover v. Smith* (1974), 20 Ill. App. 3d 258, 260, 314 N.E.2d 638, 640 ("The pre-trial conference is a technique to promote the disposition of litigation by cooperation and agreement").) Pretrial conferences frequently lead to settlement and dismissal of the action. (*Fennema v. Vander Aa* (1968), 93 Ill. App. 2d

162, 166, 236 N.E.2d 409, 411, *rev'd on other grounds* (1969), 42 Ill. 2d 309, 247 N.E.2d 409.) Rule 218 therefore governs settlement agreements reached at pretrial conferences and their respective dismissal orders. See *Keilholz*, 10 Ill. App. 3d at 1091-92; 134 Ill. 2d Rules 218(a)(1), (a)(5).

We next address the authority granted to the trial court under Rule 219(c) in cases where there has been a voluntary dismissal. The rule reads in applicable part:

> "Notwithstanding the entry of a judgment or an order of dismissal, whether voluntary or involuntary, the trial court shall retain jurisdiction to enforce, on its own motion or on the motion of any party, any order imposing monetary sanctions, including such orders as may be entered on motions which were pending hereunder prior to the filing of a notice or motion seeking a judgment or order of dismissal." (134 Ill. 2d R. 219(c).)

The drafting committee comments on this rule address the case of a sanction motion which is pending at the time of dismissal. The rule was drafted and adopted to address the problem of the plaintiff who takes a voluntary nonsuit to avoid exposure under pending motions for sanctions. But the use of the word "including" in the rule clearly implies other circumstances where the rule may apply. We hold this to be one of them.

We do not hold that an award of attorney fees is authorized in every case where a party fails to comply with a settlement agreement. Generally, where the court enters an agreed dismissal order based on a settlement reached by the parties without the court participating and the defendant refuses to pay, the plaintiff must file a separate lawsuit for breach of contract. (*Brigando v. Republic Steel Corp.* (1989), 180 Ill. App. 3d 1016, 1021 n.1, 536 N.E.2d 778, 782 n.1.) Here, however, the settlement was reached at a pretrial conference with the judge participating, a procedure governed by Rule 218. Further, the court in the present case, unlike the court in *Brigando* and the cases cited in its footnote, retained jurisdiction for the precise purpose of enforcing the settlement.

Accepting the defendants' reasoning would provide a disingenuous attorney with a cavernous loophole in the 200 series of supreme court rules—rules crafted to put teeth in the requirement that the many elements of discovery, requests for admission, and pretrial conferences be conducted in good faith. Under the defendants' analysis of the rules, a litigant could appear to gracefully comply with all pretrial procedures and then simply ignore the plain language of the dismissal

order and a settlement he agreed to in open court in front of a judge. Treating the matter as a voluntary nonsuit, the defendant could force a plaintiff to resue him to enforce the agreement.

In our view, Rules 218 and 219 arise out of the supreme court's clear understanding of the mischief that occurs before trial, when a litigant disposed to delay can use a mix of dilatory tactics to put off the day of reckoning when a jury is sworn and a trial begins. The event that at the eleventh hour normally brings the process to a merciful end is a pretrial conference that produces a settlement agreement. If a litigant can argue and convince a court of review that Rules 218 and 219 stop just short of the settlement agreement, then he has defeated the purpose of the rules and survived to delay for yet another day.

■ Finally, the defendants contend that because the settlement was reached on the day of trial, it was not formulated at a "pretrial conference" in the generally understood meaning of that term and, consequently, that Rule 218 does not apply. We see no purpose in searching for a precise definition of a pretrial conference that will satisfy the defendants. A court may call a pretrial conference on its own, at any time, and it may hold a conference when the parties are properly before it on another issue. (*Schaefer v. Sippel* (1978), 58 Ill. App. 3d 816, 819, 374 N.E.2d 1092, 1095.) The trial judge himself referred to the hearing as a pretrial conference when he later reviewed the substance of that meeting. Nothing more is required within the meaning of Supreme Court Rule 218.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.