*In re* MARRIAGE OF SHANNON ZUBERBIER, Petitioner-Appellant, and DARSEY ZUBERBIER, Respondent-Appellee.

Second District    No. 2—99—0143

Opinion filed December 23, 1999.

K.O. Johnson and Lawrence J. Lucido, both of Johnson & Mikulski, P.C., of De Kalb, for appellant.

No brief filed for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Petitioner, Shannon Zuberbier, appeals from the trial court's order barring the secretary of petitioner's counsel from video recording the depositions of several witnesses. On appeal, petitioner argues that the trial court erroneously concluded that the secretary was "financially interested" under Supreme Court Rule 205(d) (134 Ill. 2d R. 205(d)). We affirm.

On April 28, 1997, the trial court dissolved the parties' five-year marriage and granted petitioner custody of the couple's two children. Petitioner sought to enforce the dissolution agreement after respondent, Darsey Zuberbier, failed to pay child support. Respondent filed a *pro se* petition to modify custody, alleging that petitioner had violated respondent's right to visitation. Petitioner later petitioned to increase child support.

Respondent moved for a protective order barring the secretary of petitioner's counsel from video recording the depositions of several witnesses. The secretary was a notary public but not a certified court reporter. Respondent argued that the secretary could not properly record the depositions because she was "financially interested" under Rule 205(d). Whether the secretary was not "otherwise qualified" under Rule 205 was not raised in the trial court. The trial court granted respondent's motion.

Under Supreme Court Rule 308 (155 Ill. 2d R. 308), petitioner sought leave to appeal the discovery order, but this court denied the petition. On January 26, 1999, the trial court entered the parties' "Final Agreed Order" disposing of the remaining issues. On February 3, 1999, petitioner appealed, contending that the trial court's discovery order was erroneous. Although respondent has not filed an appellee's brief, we may decide the merits on appeal because the issues are suf-

ficiently simple that we do not need the aid of an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

■ Petitioner argues that we may review the discovery order in this case even though it is technically moot. Reviewing courts should not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how the issues are decided. *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998). However, where a case involves an event of short duration that is capable of repetition, yet evading review, it may qualify for review even if it would otherwise be moot. *In re Barbara H.*, 183 Ill. 2d at 491. To benefit from this exception, petitioner must show that the challenged action is too short to be fully litigated before its completion and that there is a reasonable expectation that the party would be subjected later to the same action. See *In re Barbara H.*, 183 Ill. 2d at 491.

■ In this case, the trial court prohibited an employee of petitioner's counsel from video recording several depositions. Petitioner is correct that the issue could not be fully litigated before the depositions were completed. The issue is moot but capable of repetition and likely to evade review. Therefore, we may consider the issue.

■ Petitioner contends that her attorney's employee is not "financially interested" under Rule 205(d). Supreme Court Rule 206(f) permits a party to use audio-visual devices to record depositions. 166 Ill. 2d R. 206(f). However, Rule 205(d) provides that "[n]o deposition shall be taken before a person who is a relative of or attorney for any of the parties, a relative of the attorney, or *financially interested in the action*." (Emphasis added.) 134 Ill. 2d R. 205(d).

■ The construction of a supreme court rule is a question of law subject to *de novo* review. *In re Estate of Rennick*, 181 Ill. 2d 395, 401 (1998). When interpreting a rule, we apply the principles of construction that apply to a statute, and our goal is to determine the intent of the drafters of the rule. We should give the language its plain and ordinary meaning because it is the most reliable indicator of the drafters' intent. If the rule is clear and unambiguous, we should apply the language without additional aids of construction. See *Rennick*, 181 Ill. 2d at 404-05. In this case, Rule 205(d) is unambiguous, and we will not read into it exceptions, limitations, or conditions that the drafters did not express. See *Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184-85 (1999).

Petitioner argues that, because Rule 205(d) does not expressly disqualify all employees of an attorney, any such employee may record a deposition if he or she is not a relative of the party or of the at-

torney. Petitioner presumes that the employee's compensation would be unaffected by the outcome of a case in which he records a deposition and, therefore, the employee is not "financially interested" under Rule 205(d). We decline to adopt petitioner's interpretation.

■ In drafting Rule 205(d), the supreme court recognized the problem of familial and financial bias and prohibited some individuals from recording depositions. Because an employee's wage, status, benefits, and bonuses would be affected by the way he records a deposition, he would have a financial interest in whether the deposition benefitted the client. This inherent interest may affect how the employee records the deposition. Therefore, we conclude that the rule barring an attorney from recording depositions should also apply to the attorney's employees.

Even if the attorney could show that the employee's compensation would not be affected by the outcome of the case, the appearance of a lack of impartiality would nevertheless undermine the public's confidence in the proceedings. Unless the parties otherwise agree, an employee of a party's attorney may not video record a deposition because the employee is inherently financially interested in the outcome of the case. We conclude that the trial court properly granted respondent's motion for a protective discovery order.

For these reasons, the order of the circuit court of De Kalb County is affirmed.

Affirmed.

RAPP and GALASSO, JJ., concur.