MADELINE BADEA, Plaintiff, v. MARK A. PHILLIPS, Defendant (David Koppelman, Respondent-Appellant).

First District (1st Division)   No. 1—08—0338

Opinion filed March 23, 2009.

David Koppelman, of LaRose & Bosco, Ltd., of Chicago, for appellant.

William Gundlach, of Steven M. Pontikes & Associates, of Chicago, for appellee.

JUSTICE GARCIA delivered the opinion of the court:
This is a review of an order of the circuit court barring the defendant's counsel, David Koppelman and his law firm, from using the discovery deposition of Dr. Roberto Diaz, a nonparty witness, in any other proceeding as a sanction pursuant to Supreme Court Rule 219(c). 210 Ill. 2d R. 219(c). The sanction was entered following a motion by Dr. Diaz based on Mr. Koppelman's alleged violation of a protective order. The motion was filed after the plaintiff and the defendant entered into a stipulation and settlement agreement, resulting in the dismissal with prejudice of the underlying suit. Mr. Koppelman first contends the circuit court had no jurisdiction to address a motion for sanctions filed by a nonparty after a dismissal order had been entered. We agree and vacate the circuit court's order imposing the sanction.

## BACKGROUND

This case arises from a lawsuit for personal injuries sustained in a motor vehicle accident. The plaintiff received treatment for the injuries from Dr. Diaz. Dr. Diaz referred the plaintiff for an MRI at Regional MRI of Chicago (now known as Spectrum Diagnostics). Regional MRI billed the plaintiff $1,050 for this MRI. In addition, Spine Centers Institute, a separate entity, allegedly owned in part by Dr. Diaz, issued a bill for $2,106, purportedly for the same MRI of the plaintiff. To investigate why two bills were generated by two different entities for what appeared to be the same MRI, Mr. Koppelman served Dr. Diaz with a subpoena to give his discovery deposition.

On April 16, 2007, Dr. Diaz filed a motion for a protective order seeking to exclude any questioning of his involvement with the two MRI centers, his billing practices, or contracts. He argued his deposition should be limited to his treatment of the plaintiff. During the initial hearing on Dr. Diaz's motion, Mr. Koppelman explained the defendant's need to question Dr. Diaz about two bills for the same examination. On April 24, 2007, the circuit court granted Dr. Diaz's motion for a protective order, holding that his deposition should consist solely of questions pertaining to the care and treatment he administered to the plaintiff, barring all questions pertaining to contractual relationships between Dr. Diaz and the MRI centers or other physicians.

On May 17, 2007, the defendant filed a motion for reconsideration/clarification of the circuit court's April 24, 2007, order. Mr. Koppelman argued that based upon the evidence in the case, the defendant should be allowed to inquire as to why both companies issued bills for what seemed to be the same MRI of the plaintiff. Mr. Koppelman further argued that because Dr. Diaz allegedly partially owned Spine Centers Institute, he would have insight to why his company issued a bill for the MRI the plaintiff had taken at Regional MRI.

On June 1, 2007, the circuit court entered an order granting in part and denying in part the defendant's motion for reconsideration/clarification. The circuit court judge orally clarified the parameters of Dr. Diaz's discovery deposition. The judge stated that defense counsel was entitled to know which bill was the legitimate bill for the services rendered to the plaintiff. Mr. Koppelman then added, "and why [it is] a legitimate bill." The judge found Mr. Koppelman's addition was going too far because that line of questioning had nothing to do with the plaintiff's injuries in this case. The judge explained that defense counsel could inquire as to which of the two bills was the legitimate bill, but could not inquire about Dr. Diaz's billing practices or contracts. In response to Mr. Koppelman's suggestion that more clarity was needed, the judge replied, "[T]he question is[:] Dr. Diaz, there were two bills issued to my client. Do you have knowledge which is the correct bill for the services rendered by you?" Mr. Koppelman further inquired whether he was entitled to ask Dr. Diaz "why his fee is a reasonable and customary fee for the services he claims to have rendered in this case." The judge informed Mr. Koppelman that if Dr. Diaz admitted the correct bill was the one from Spine Centers, he could inquire as to whether the charges were reasonable and customary, but that is where the inquiry must end. The judge cautioned Mr. Koppelman that he was not permitted to ask Dr. Diaz to break down the costs of the bill. The judge also found that Mr. Koppelman was "pushing" her ruling. The judge instructed Dr. Diaz's counsel that if he had objections to the questioning during the deposition, he should state, "I'm not allowing my client to answer based on the Judge's ruling" and certify the question to the circuit court. The written order entered on June 1, 2007, following the hearing, did not set out the parameters for Dr. Diaz's deposition but merely stated the defendant's motion for reconsideration/clarification was granted in part and denied in part.

On July 17, 2007, the circuit court dismissed the underlying suit with prejudice pursuant to a stipulation and settlement agreement between the parties.

On August 15, 2007, Dr. Diaz filed a motion for sanctions against

Mr. Koppelman and his law firm for alleged violations of the circuit court's June 1, 2007, discovery order. On January 11, 2008, the circuit court granted Dr. Diaz's motion for sanctions.

At the initial hearing on Dr. Diaz's sanctions motion, Mr. Koppelman argued the circuit court did not have jurisdiction to hear Dr. Diaz's motion for sanctions. The circuit court judge directed the parties to submit briefs on the issue of the jurisdiction of the court. At the subsequent hearing, the trial judge concluded that she did have jurisdiction because the motion was filed within 30 days of dismissal of the underlying suit. At this hearing, Dr. Diaz's counsel argued Mr. Koppelman went beyond the scope of the court's protective order by asking Dr. Diaz certain questions that he read into the record. Beyond those questions, Dr. Diaz's counsel argued Mr. Koppelman improperly asked "about the names and appointments status of other physicians" working for Dr. Diaz's company.

The judge asked Mr. Koppelman to explain his "blatant violation" of the circuit court's order "which we spent a lot of time arguing in my chambers and coming up [with parameters] for Dr. Diaz's deposition." Mr. Koppelman argued his questions were permitted based on the judge's ruling clarifying the parameters of Dr. Diaz's deposition. The judge concluded Mr. Koppelman's questions went beyond the scope of the circuit court's ruling and, as such, were a violation of the protective order. The judge granted Dr. Diaz's motion for sanctions and held that Dr. Diaz's deposition could not be used in any collateral proceeding. Mr. Koppelman interjected, asking the judge whether the violation was of Rule 137. The judge explained counsel's violation was of Rule 219(c), not Rule 137. Mr. Koppelman asked the judge "which question or questions, if any, is your Honor saying were beyond the scope of this court order?" The judge responded that the questions were adequately set out in the transcript of the hearing. The judge concluded: "[M]y sanction is that this deposition cannot be used in collateral proceedings and I'm not going to enter any monetary sanctions." The judge determined that no monetary damages were warranted because the improper questioning of Dr. Diaz caused him no harm as counsel objected and the questions were never answered. Mr. Koppelman, as counsel for the defendant, appeals.

## ANALYSIS

Mr. Koppelman initially contends the circuit court lacked jurisdiction to rule upon Dr. Diaz's Rule 219(c) motion for discovery sanctions because the underlying suit had been dismissed with prejudice prior to the filing of the motion. In the alternative, Mr. Koppelman argues the circuit court abused its discretion in imposing what he characterizes

as a punitive sanction. Mr. Koppelman contends he did not "unreasonably violate the trial court's order" because no answers were given to the offending questions, thus resulting in no harm to Dr. Diaz.

## Jurisdiction of Circuit Court

At the first postjudgment hearing, the trial judge, consistent with Mr. Koppelman's position, ruled she no longer had jurisdiction over the case because the underlying suit had been settled and dismissed by the time Dr. Diaz filed his motion for sanctions. The issue of the court's jurisdiction was then briefed by the parties. At the subsequent hearing, Dr. Diaz asserted the circuit court retained jurisdiction to address the matter of sanctions under Supreme Court Rule 137. 155 Ill. 2d R. 137. Ultimately, the trial judge ruled she retained jurisdiction "to hear this motion for sanctions [because it] was filed within 30 days after dismissal." When Mr. Koppelman asked whether the sanction was being imposed under Rule 137 or Rule 219(c), the trial judge stated that the sanction was imposed for a violation of Rule 219(c), not Rule 137.

Dr. Diaz persists in his claim that his motion for sanctions was filed under Rule 137. He does so apparently because Rule 137 expressly provides that "[m]otions brought pursuant to this rule must be filed within 30 days of the entry of the final judgment." 155 Ill. 2d R. 137. Dr. Diaz restates this claim in his brief: the circuit court has "residual jurisdiction over a case for a 30-day period after entry of a final order."

Under Rule 137, a sanction may be imposed based on "a pleading, motion, or other paper *** signed in violation of this rule." 155 Ill. 2d R. 137. The rule also provides that a sanction may require the offending person "to pay *** the amount of reasonable expenses incurred" for any filing that violates the rule. 155 Ill. 2d R. 137.

Dr. Diaz makes no attempt to reconcile the nature of his discovery sanction motion with the nature of a sanction motion for improper filings under the express terms of Rule 137. Moreover, the trial judge made clear the basis for her ruling: Rule 219(c). We agree with the trial judge; the substance of Dr. Diaz's discovery sanction motion fell under Rule 219(c). We address the propriety of her ruling under Rule 219(c) only.

The precise issue before us is very narrow: did the circuit court have jurisdiction to entertain a motion for sanctions under 219(c) by a nonparty after the underlying suit had been dismissed? This issue is a question of law. *In re Marriage of Zuberbier*, 309 Ill. App. 3d 386, 388, 722 N.E.2d 323 (1999). The resolution of the issue turns on whether the circuit court had residual jurisdiction at the time the motion was filed.

In support of his claim that residual jurisdiction was present, Dr. Diaz cites to *Harchut v. Oce/Bruning, Inc.*, 289 Ill. App. 3d 790, 682 N.E.2d 432 (1997), and section 2—1203 of the Code of Civil Procedure (735 ILCS 5/2—1203 (West 2006)). We agree that each authority supports the existence of residual jurisdiction. "Once a final order has been entered, the circuit court retains residual jurisdiction for 30 days. 735 ILCS 5/2—1203(a) (West 1994)." *Harchut*, 289 Ill. App. 3d at 793. However, under section 2—1203(a) of the Code of Civil Procedure, residual jurisdiction is limited to challenges to the judgment entered in a nonjury case by a party to the suit. Section 2—1203(a) has no application to the discovery sanction motion filed by Dr. Diaz. The circuit court here did not retain residual jurisdiction under section 2—1203(a); *Harchut* is thus inapposite.

We look then to the provisions of Rule 219(c) to determine whether the rule itself grants residual jurisdiction to the circuit court to rule upon Dr. Diaz's motion. In construing a supreme court rule, we apply the same principles we employ to construe a statute, with the goal of determining the intent of the drafters of the rule. *Zuberbier*, 309 Ill. App. 3d at 388. Once construed, the provisions of the rule are applied to the facts of a particular case to determine the outcome. See *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 235, 848 N.E.2d 1 (2005).

Like Rule 137, Rule 219(c) contains a provision extending the circuit court's jurisdiction to address sanctions after a final judgment is entered. However, by the express language of Rule 219(c) the motion for sanctions must have been "pending *** prior to the filing of a notice or motion seeking a judgment or order of dismissal." 210 Ill. 2d R. 219(c). Here, Dr. Diaz's motion for sanctions was not filed until after the dismissal without prejudice order had been entered. Moreover, Rule 219(c) limits the residual jurisdiction of the circuit court to the enforcement of "any order imposing monetary sanctions." We are not dealing with such an order here.

That Rule 219(c) does not extend the jurisdiction of the circuit court beyond the termination of the case, except for circumstances expressly set out by the rule, is consistent with the clear aim of the rule of compelling compliance with discovery matters during the pendency of the case. The listed remedies for a violation of Rule 219(c) make this clear: (1) litigation may be stayed until the rule is complied with; (2) an offending party may be debarred from filing other pleadings relating to a discovery issue; (3) a witness's testimony may be barred at trial; (4) a default judgment may be entered against an offending party; (5) the pleadings of an offending party may be stricken; and (6) the offending party may be ordered to pay interest on a judgment entered against it. The listed remedies do not provide any relief

to be afforded based on a sanction motion filed after final judgment has been entered. Accordingly, we find no basis to conclude that the circuit court retained residual jurisdiction under Rule 219(c) to address Dr. Diaz's motion.[1]

Dr. Diaz next argues that because the circuit court issued a protective order to apply at his deposition, the circuit court was merely exercising its inherent authority to enforce its own order and, therefore, retained residual jurisdiction to impose a sanction on Mr. Koppelman.[2] See *American Society of Lubrication Engineers v. Roetheli*, 249 Ill. App. 3d 1038, 1042, 621 N.E.2d 30 (1993) (" 'It is an elementary principle of law that judicial power essentially involves the right to enforce the results of its own exertion' "), quoting *Cities Service Oil Co. v. Village of Oak Brook*, 84 Ill. App. 3d 381, 384, 405 N.E.2d 379 (1980).

While we do not disagree with the general principle cited by Dr. Diaz, the principle has no application here. Under the facts present in this case, Dr. Diaz is constrained to argue that in imposing the sanction after the dismissal of the underlying suit, the circuit court was enforcing its protective order that restricted the questions that could be asked of Dr. Diaz at his deposition. We are presented with no authority for this broad definition of "enforcing." In *Roetheli*, the court expressly grounded its holding on the circuit court's express decision to "retain[ ] jurisdiction for the precise purpose of enforcing the settlement." *Roetheli*, 249 Ill. App. 3d at 1044. In *Cities Service Oil Co.*, cited as authority by *Roetheli*, a distinction was drawn between a circuit court having "jurisdiction to modify the original decree [and having] jurisdiction to enforce it." *Cities Service Oil Co.*, 84 Ill. App. 3d at 384. Residual jurisdiction was lacking in the former, but present for the latter. *Cities Service Oil Co.*, 84 Ill. App. 3d at 384.

Here, the circuit court was not seeking to enforce its protective order but to sanction Mr. Koppelman for allegedly having violated it. We are unconvinced that any residual jurisdiction the circuit court may have to enforce its own order extends so far as to impose a sanc-

---

[1]At oral argument we raised the question whether Rule 219(c) applies to a nonparty. We provide no answer because the issue was not addressed in the briefs.

[2]Dr. Diaz also argues in his brief that the circuit court retained residual jurisdiction because "the dismissal order itself states that 'the Court shall retain jurisdiction of this matter to adjudicate any/all liens.' " However, Dr. Diaz provides no authority for his implied argument that his discovery sanction motion should be treated as a lien adjudication and, therefore, we do not address it. See 210 Ill. 2d 341(h)(7).

tion for a violation of Supreme Court Rule 219(c), which we treat as analogous to statutory authority. See *Froehlich v. Sheehan*, 240 Ill. App. 3d 93, 103, 608 N.E.2d 889 (1992) (statute of limitations that applies to converting a respondent in discovery into a defendant must be scrupulously followed where it concerns "an opportunity unknown at common law: the right to unilateral discovery"); *Cf. In re M.M.*, 156 Ill. 2d 53, 68, 619 N.E.2d 702 (1993) (where the court's power to act existed at common law, no statutory authority is required). We reject Dr. Diaz's unstated but necessary claim that imposing a sanction for an alleged violation of Rule 219(c) is the same as enforcing the protective order itself.

Absent authority based on an express provision in Rule 219(c) to impose the sanction under the circumstances present in this case, the order imposing the sanction exceeded the circuit court's power to act and the order is void. *In re M.M.*, 156 Ill. 2d at 66. To the extent Dr. Diaz felt entitled to any relief based on Mr. Koppelman's purported violation of the protective order, it was incumbent upon Dr. Diaz to act within the provisions of Rule 219(c). See *Robinson v. Johnson*, 346 Ill. App. 3d 895, 908, 809 N.E.2d 123 (2003) (we "give effect to a clearly worded statute, no matter the result").

We hold the circuit court had no jurisdiction to address the motion for discovery sanctions filed by Dr. Diaz after the case ended on July 17, 2007, when the court dismissed the underlying suit with prejudice pursuant to a stipulation and settlement agreement between the parties. The circuit court's residual jurisdiction did not extend to the imposition of sanctions under Rule 219(c) for alleged violations of its protective order because the rule makes no provision for the postjudgment filing of such a motion.

Accordingly, although the trial judge found merit in the claims raised by Dr. Diaz's motion, the circuit court lost the authority to grant relief by the time the motion was filed. The circuit court's order sanctioning Mr. Koppelman and his firm is void for lack of jurisdiction.

## Abuse of Discretion Claim

Based on our finding that the circuit court lacked jurisdiction to entertain a motion for sanctions under Rule 219(c) under the circumstances present in this case, we do not address Mr. Koppelman's challenge to the circuit court's exercise of its discretion.

## CONCLUSION

Because Dr. Diaz's discovery sanction motion was not filed until after the underlying lawsuit was dismissed with prejudice, the circuit court lacked jurisdiction to thereafter enter a sanction under Rule

219(c). We vacate the January 11, 2008, order of the circuit court of Cook County imposing a sanction upon Mr. Koppelman and his law firm.

Vacated.

WOLFSON and HALL, JJ., concur.