2018 IL App (3d) 170400
Appeal Nos. 3-17-0400, 3-17-0428 cons.
Opinion filed October 25, 2018

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2018

| | | |
|---|---|---|
| CHARLES TITUS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-17-0400 |
| | ) | Circuit No. 16-L-54 |
| MOHAMMED ALAEDDIN and BASHIR | ) | |
| & SONS, INC. d/b/a Ranch Liquors, | ) | Honorable |
| | ) | Barbara N. Petrungaro, |
| Defendants-Appellees. | ) | Judge, Presiding. |
| | ) | |
| | ) | |

_____

| | | |
|---|---|---|
| CLEMENTINE TITUS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | Appeal No. 3-17-0428 |
| MOHAMMED ALAEDDIN and BASHIR | ) | Circuit No. 16-L-53 |
| & SONS, INC. d/b/a Ranch Liquors, | ) | |
| | ) | Honorable |
| Defendants-Appellees. | ) | Barbara N. Petrungaro, |
| | ) | Judge, Presiding. |
| | ) | |

_____

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice Carter and Justice McDade concurred in the judgment and opinion.

**OPINION**

¶ 1        The plaintiffs, a husband and wife, appealed from jury verdicts in favor of the defendants, a liquor store and one of its employees, in the plaintiffs' separate actions alleging violations of the Illinois Human Rights Act (775 ILCS 5/1-101 *et seq.* (West 2016)) and 42 U.S.C. § 1981 (2012).

¶ 2                                                    FACTS

¶ 3        The plaintiff, Charles Titus, filed his *pro se* complaint on January 21, 2016 (No. 16-L-54). The other plaintiff, Charles's wife, Clementine Titus, filed her *pro se* complaint on the same day (No. 16-L-53). Both complaints were amended, and both parties proceeded on their second amended complaint, which were filed on October 24, 2016. Those complaints alleged that, on September 19, 2014, Charles entered the defendant store, Bashir & Sons, Inc. (Ranch Liquors), to purchase lottery tickets. Charles alleged that he bought $10 worth of lottery tickets and handed the defendant employee, Mohammed Alaeddin, a $50 bill, but Alaeddin refused to give him $40 in change. Clementine then came in the store, and Alaeddin referred to both of them as "n***" and waved around a gun. Charles and Clementine both alleged that Ranch Liquors denied them the full and equal enjoyment of its facility and services of public accommodation on the basis of the plaintiffs' race in violation of the Illinois Human Rights Act (775 ILCS 5/1-101 *et seq.* (West 2016)). They alleged violations of section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981 (2012)) by Alaeddin.

¶ 4        After the filing of the original complaints, the parties were notified that the first case management date would be May 10, 2016. The first order of the trial court was entered on March

2

4, 2016, granting the defendants' motions to strike and dismiss the complaints. The complaints were dismissed without prejudice, and the case was continued until April 18, 2016, for a status on the pleadings. The case management date of May 10, 2016, remained the same. The plaintiffs filed amended complaints on April 4, 2016, but did not appear at the April 18 status date. Prior to the case management conference, the plaintiffs filed initial status reports on May 6, 2016, indicating that the parties had not met to decide on discovery dates. The plaintiffs recommended initial disclosures by May 31, 2016, with fact discovery from June 1, 2016, to October 1, 2016.

¶ 5        The docket indicates that the May 10 conference was a Rule 218 case management conference and that the plaintiffs were present in court. See Ill. S. Ct. R. 218 (eff. July 1, 2014). The court entered a partial case management order, setting dates for the defendants' proposed motion to dismiss and setting a hearing on the motion for June 28, 2016. At the hearing on the motion to dismiss, which was ultimately held on July 21, 2016, both plaintiffs were present. The trial court dismissed the first verified amended complaints without prejudice and continued the matter for status on the pleadings on August 25, 2016. At the August 25 hearing, the plaintiffs were ordered to file a second amended complaint by September 29, and a case management conference was scheduled to follow a hearing on September 30, 2016. The September 30 hearing was continued, and the plaintiffs filed their second amended complaints on October 24, 2016. Both plaintiffs were present in court on October 26, 2016, where the cause was continued under December 1, 2016, for status on the pleadings.

¶ 6        Both plaintiffs were present in court on December 1, 2016, for the status hearing. The cases were continued until January 11, 2017, for status on written discovery. At the January 11, 2017, hearing, with both plaintiffs present, both matters were continued until February 27, 2017, for status on party depositions. Both plaintiffs were also present in court on February 27, 2017,

3

when the cases were set for a jury trial the week of March 27, 2017, with a trial status on March 24. On March 24, 2017, all parties appeared in court, and the matter was set for a jury trial to begin on March 30, 2017.

¶ 7    The day before the trial, on March 29, 2017, the plaintiffs each filed emergency motions seeking a continuance to allow them to file motions for summary judgment. The emergency motions acknowledged that depositions were conducted during the month of February, and that fact discovery had closed a month earlier, but that the plaintiffs reviewed the depositions transcripts on March 23, 2017. However, the plaintiffs sought a briefing schedule to allow them 30 days to file a motion for summary judgment. They alleged that they believed they could show the absence of a material issue of fact, at least with respect to their section 1981 claims. The defendants objected to the continuance and proceeded to file a motion *in limine* seeking to prevent the plaintiffs from presenting certain evidence at trial. In response to the plaintiffs' motions, the trial court explained in detail the basis for its rulings. The trial court explained the motions to continue were denied because a motion for summary judgment would be denied in a motion such as this where a determination of liability depended on the disputed factual allegations brought by the plaintiffs. The trial court further explained that the case was two years old and it was time for a jury to hear the plaintiffs' case. Next, the trial court took a 10 minute recess to review the defendants' motions *in limine*, not the plaintiffs' request for a continuance as they have suggested. The trial court denied the defendants' motion to deny the plaintiffs' right to a jury trial but did allow the defendants' motion to require the plaintiffs to refrain from telling the jury whether they were successful in the related proceedings at the Illinois Human Rights Commission. The case proceeded to a jury trial on that day, and the jury found in favor of the defendants on all claims. The plaintiffs were granted extensions of time to file motions for a new

4

trial, which were subsequently filed and denied. The plaintiffs appealed. We consolidated the appeals for submission and for disposition.

¶ 8                                                    ANALYSIS

¶ 9        The plaintiffs argue that they were not afforded full pretrial procedure and were denied the opportunity to obtain full fact discovery. Specifically, the plaintiffs allege that they were rushed into trial proceedings without an Illinois Supreme Court Rule 218(a) (eff. July 1, 2014) initial case management conference, not afforded Illinois Supreme Court Rule 201(a) (eff. July 1, 2014) full fact discovery, and not afforded with the protections of Illinois Supreme Court Rules 233 to 239. See generally Ill. S. Ct. Rs. 233 to 239. The defendants contend that there was an initial case management conference pursuant to Rule 218(a) and subsequent case management conferences addressed the timing of discovery and depositions. In addition, the defendants contend that the plaintiffs participated in fact discovery and depositions and were given a fair trial.

¶ 10       The plaintiffs contend that, as self-represented parties, they were rushed into a jury trial and not afforded their rights under the Illinois Supreme Court rules, in violation of due process. In the context of postconviction petitions, the Illinois Supreme Court has directed courts to review *pro se* petitions " 'with a lenient eye, allowing borderline cases to proceed.' " *People v. Hodges*, 234 Ill. 2d 1, 21 (2009) (quoting *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)). However, in civil proceedings, *pro se* litigants are held to the same standard as those represented by counsel, presumed to have full knowledge of and to comply with applicable court rules and procedures, and are not entitled to more lenient treatment. *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009); *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. We find

that, even reviewing the proceedings in the trial court with a lenient eye, the plaintiffs had the opportunity to fully participate in the trial process and there was no violation of due process.

¶ 11    The plaintiffs argue that the trial court refused to conduct Rule 218 proceedings, and set Rule 201 proceedings into motion to allow them full fact discovery. Rule 201 is the rule addressing general discovery provisions. Ill. S. Ct. R. 201 (eff. July 1, 2014). Rule 218 requires the court to conduct a case management conference and set dates for the disclosure of witnesses to ensure that discovery will be completed no later than 60 days before trial, unless agreed to by the parties. Ill. S. Ct. R. 218(a), (c) (eff. July 1, 2014). The Illinois Supreme Court rules on discovery are mandatory rules of procedure that the courts and counsel must follow. *Department of Transportation v. Crull*, 294 Ill. App. 3d 531, 537 (1998). The purpose of such pretrial conferences is to clarify issues and guide discovery to expeditiously reach trial or settlement. *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 64 (1995). A court may call a pretrial conference on its own, at any time, and it may hold a conference when the parties are properly before it on another issue. *American Society of Lubrication Engineers v. Roetheli*, 249 Ill. App. 3d 1038, 1045 (1993).

¶ 12    In this case, the trial court held an initial case management conference pursuant to Rule 218 on May 10, 2016. It was identified as such on the docket sheet in both cases. The plaintiffs filed initial status reports in anticipation of the case management conference. However, at this point in the proceedings, the defendants filed a motion to dismiss, and no discovery dates were ordered until the motion to dismiss was denied in part. Thereafter, the plaintiffs acknowledge that, after the second amended complaint was filed, the parties were directed to commence written discovery at the December 1, 2016, status hearing and, later, party depositions were ordered at the January 11, 2017, hearing. Thus, while the initial case management order did not

6

set discovery dates, subsequent status hearings did set dates for written discovery and party depositions. The trial court sufficiently complied with Rule 218. See *American Society of Lubrication Engineers*, 249 Ill. App. 3d at 1045 ("A court may call a pretrial conference on its own, at any time, and it may hold a conference when the parties are properly before it on another issue."). Discovery was complete by February 27, 2017, and at that time, the trial date was set for the week of March 27. The plaintiffs were present in court on the day that the trial date was set, and there is no indication in the record that the plaintiffs expressed any objection or that the trial date was set over the plaintiffs' objection. It is also clear that these *pro se* plaintiffs understand the obligations of each party as set out in the various discovery orders as evidenced by their timely filing of responsive pleadings, completion of discovery, and ongoing timely participation in the proceedings. Thus, the plaintiffs waived any claim of error. See *Price v. City of Chicago*, 2018 IL App (1st) 161599, ¶ 22 (a party cannot complain of an error on appeal to which the party consented).

¶ 13        A motion for a continuance is addressed to the sound discretion of the trial court, and an important factor in the review of a denial of a motion for continuance is whether the party who sought the continuance showed diligence in proceeding with the case. *Mireles v. Indiana Harbor Belt R.R. Corp.*, 154 Ill. App. 3d 547, 553 (1987). The trial court sought information from the plaintiffs about their rationale for requesting a continuance. When it determined the plaintiffs sought a continuance in order to (a) continue settlement negotiations in hopes of avoiding trial and (b) to file a motion for summary judgment, the trial court directed the parties to make another attempt to reach a settlement. When those efforts failed, the trial court carefully explained why the motion to continue was denied. The trial court in this case did not find that the plaintiffs did not show diligence, but rather that the arguments that they were making involved

7

factual issues that were not appropriate for summary judgment. Since the plaintiffs did not point to any legal issues that would have been appropriate for summary judgment, we find no abuse of discretion in the trial court's denial of the continuance.

¶ 14        The plaintiffs also allege that they were rushed to a jury trial without first affording them the opportunity to engage in entitlements under Illinois Supreme Court Rules 233 to 239; specifically, that jury instructions and forms were drafted without any input from the plaintiffs, the judge personally selected the jury, and the defendants' attorney was allowed to reference a different case in opening statements. The plaintiffs contend that they did not get the opportunity to challenge the jurors during *voir dire*, but a transcript of the *voir dire* is not included in the record, and the plaintiffs do not cite to any specific examples of denial. It is the appellant's burden to provide a complete record on appeal, and in the absence of a transcript, we presume the trial court acted in accordance with the law. *Piester v. Escobar*, 2015 IL App (3d) 140457, ¶ 13 (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). Next, the plaintiffs argue the trial judge personally selected the jury, but the jury *voir dire* sheet demonstrates that the defense challenged five jurors, and one juror was struck for cause, which contradicts the plaintiffs' argument that the judge personally selected the jury. Also, the jury instructions and verdict forms are included in the record, and all are Illinois Pattern Jury Instructions, in accordance with the presumption created by Illinois Supreme Court Rule 239 (eff. Apr. 8, 2013). *Luye v. Schopper*, 348 Ill. App. 3d 767, 773 (2004). The plaintiffs do not point to any jury instruction or verdict form that did not accurately state the law. Lastly, the defendants' opening statement is included in the record and was proper.

¶ 15                                CONCLUSION

¶ 16     Since we find no merit to the plaintiffs' arguments that they were not afforded full pretrial procedure and were denied the opportunity to obtain full fact discovery and the plaintiffs make no other arguments challenging the trial court's judgment, we find no denial of due process and affirm the judgment in both cases.

¶ 17     Affirmed.