**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220147-U

Order filed May 25, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| HUSSEIN ALI YASSINE, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff, | ) | Kankakee County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN WEBB, | ) | |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | Appeal No. 3-22-0147 |
| ANTHONY IADEROSA JR., JENNIFER | ) | Circuit No. 17-L-79 |
| HELSEL IADEROSA, ANTHONY | ) | |
| IADEROSA SR., ADVANCED INVENTORY | ) | |
| MANAGEMENT, INC., SILEX CAPITAL, | ) | |
| L.P., and TRIDENT HOLDINGS, LLC, | ) | |
| | ) | |
| Intervenors | ) | The Honorable |
| (Advanced Inventory Management, Inc., | ) | Adrienne W. Albrecht, |
| Intervenor-Appellee). | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Presiding Justice Holdridge and Justice Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   (1) This court has jurisdiction to review trial court's order dismissing defendant's motion for sanctions against intervenor where defendant filed notice of appeal within 30 days of order; (2) trial court properly determined it lacked jurisdiction to consider defendant's motion for sanctions against intervenor, which defendant filed after intervenors filed motion for voluntary dismissal/withdrawal.

¶ 2     In 2017, six individuals and entities, including appellee Advanced Inventory Management, Inc. (AIM), were allowed to intervene in an action filed by plaintiff Hussein Ali Yassine against defendant John Webb. On August 13, 2021, AIM and the other intervenors filed a motion for voluntary dismissal/withdrawal, which the trial court granted. On August 30, 2021, Webb filed a motion for discovery sanctions against AIM. Thereafter, the trial court entered summary judgment in favor of plaintiff and ruled that it lacked jurisdiction to consider Webb's motion for sanctions. Webb appeals the trial court's dismissal of his motion for sanctions against AIM. We affirm.

## I. BACKGROUND

¶ 4     On August 25, 2017, plaintiff Hussein Ali Yassine filed a complaint against defendant John Webb to recover gambling losses. The complaint alleged that Webb illegally wagered on sporting events with "Non-parties" between 2012 and 2017. The "Non-parties" named in the complaint were AIM, Anthony Iaderosa Jr., Jennifer Helsel Iaderosa, Anthony Iadoresa Sr., Silex Capital, L.P., and Trident Holdings, LLC.

¶ 5     On November 20, 2017, the above named "Non-parties" (hereinafter intervenors) filed a petition to intervene in plaintiff's lawsuit. On December 17, 2017, the trial court entered an order granting the petition to intervene.

¶ 6     On August 13, 2021, the intervenors filed a motion for voluntary dismissal or, in the alternative, to withdraw. On August 17, 2021, the trial court held a hearing on pending motions, including the intervenors' motion for voluntary dismissal/withdrawal. The trial court orally

granted the intervenors' motion, stating: "I will allow them to withdraw from this case provided that all costs associated with their presence in this case are paid."

¶ 7        On August 30, 2021, Webb filed a motion for discovery sanctions, pursuant to Illinois Supreme Court Rule 219 (eff. July 1, 2002), against AIM. At the next hearing, held on September 16, 2021, an attorney for the intervenors advised the court "there's no costs" for the intervenors to pay.

¶ 8        On November 29, 2021, plaintiff filed a motion for summary judgment. On March 3, 2022, the trial court granted summary judgment to plaintiff. On March 8, 2022, the trial court dismissed Webb's motion for discovery sanctions against AIM "for lack of jurisdiction." On April 5, 2022, Webb filed his notice of appeal.

¶ 9                        II. ANALYSIS

¶ 10                   A. Appellate Jurisdiction

¶ 11        AIM argues that we lack jurisdiction to consider this appeal because Webb's notice of appeal was not filed within 30 days of trial court's order granting summary judgment to plaintiff.

¶ 12        Pursuant to Illinois Supreme Court Rule 303(a)(1), a party must file a notice of appeal "within 30 days after the entry of the final judgment appealed from ***." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). A party has 30 days after the court's order disposing of a motion for sanctions to file a notice of appeal. See *Cashmore v. Builders Square, Inc.*, 207 Ill. App. 3d 267, 274 (1990).

¶ 13        Here, the trial court entered its order dismissing Webb's motion for sanctions against AIM on March 8, 2021. Webb filed his notice of appeal 28 days thereafter, on April 5, 2021. Thus, his notice of appeal was timely. See Ill. S. Ct. R. 303(a)(1); *Cashmore*, 207 Ill. App. 3d at 274. Webb was not required to file his notice of appeal within 30 days of the trial court's March 3, 2021 order

granting plaintiff summary judgment because that was not the order Webb was appealing from. See Ill. S. Ct. R. 303(a)(1). Thus, we have jurisdiction to consider this appeal.

¶ 14                    B. Trial Court's Dismissal of Sanctions Motion

¶ 15    Webb argues that the trial court was "mistaken" in its belief that it lacked jurisdiction to rule on his motion for sanctions against AIM.

¶ 16    The interpretation and application of an Illinois Supreme Court Rule is a question of law that we review *de novo*. *People v. Cole*, 2017 IL 120997, ¶ 20. Questions relating to a trial court's jurisdiction are similarly reviewed *de novo*. *J & J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 25. We construe Illinois Supreme Court rules according to the same principles that govern the interpretation of statutes. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2017 IL 121297, ¶ 22. Our primary goal is to ascertain and give effect to the drafters' intent, which is best indicated by the language used, given its plain and ordinary meaning. *Id.* We will interpret the rule so that no part of it is rendered meaningless or superfluous, and we will not depart from the rule's plain language by reading into it exceptions, limitations, or conditions that conflict with the drafters' expressed intent. *Id.*

¶ 17    Rule 219(c) provides in pertinent part:

> "[T]he court, upon motion or upon its own initiative, may impose upon the offending party or his or her attorney, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred as a result of the misconduct, including a reasonable attorney fee, and when the misconduct is wilful, a monetary penalty. When appropriate, the court may, by contempt proceedings, compel obedience by any party or person to any subpoena issued or order entered under these rules. Notwithstanding the entry of a

4

judgment or an order of dismissal, whether voluntary or involuntary, *the trial court shall retain jurisdiction to enforce, on its own motion or on the motion of any party, any order imposing monetary sanctions, including such orders as may be entered on motions which were pending hereunder prior to the filing of a notice or motion seeking a judgment or order of dismissal*." (Emphasis added.) Ill. S. Ct. R. 219(c).

¶ 18     Rule 219(c) extends a circuit court's jurisdiction to address sanctions after a final judgment has been entered. *Maggi v. RAS Development, Inc.*, 2011 IL App (1st) 091955, ¶ 78; *Badea v. Phillips*, 389 Ill. App. 3d 292, 297 (2009). However, "the motion for sanctions must have been 'pending *** prior to the filing of a notice or motion seeking a judgment or order of dismissal.' " *Badea*, 389 Ill. App. 3d at 297 (quoting Ill. S. Ct. R. 219(c))). If a motion for sanctions has not been filed when a party seeks a judgment or order of dismissal, the trial court lacks jurisdiction to rule on the sanctions motion. See *Maggi*, 2011 IL App (1st) 091955, ¶ 78; *Badea*, 389 Ill. App. 3d at 297-98.

¶ 19     Here, AIM and the other intervenors filed their motion for voluntary dismissal/withdrawal on August 13, 2021. Webb did not file his motion for Rule 219 sanctions against AIM until more than two weeks later, on August 30, 2021. Because Webb's motion for sanctions was not pending when AIM filed its motion for voluntary dismissal/withdrawal, the trial court properly determined that it lacked jurisdiction to rule on AIM's motion for sanctions. See Ill. S. Ct. R. 219(c); *Maggi*, 2011 IL App (1st) 091955, ¶ 78; *Badea*, 389 Ill. App. 3d at 297-98.

¶ 20     Webb, however, contends that *Maggi* and *Badea* are not controlling because in those cases the parties did not seek sanctions until after the underlying lawsuits had been dismissed, while, in this case, the trial court had not yet entered a written order dismissing AIM and the other intervenors when Webb filed his motion for sanctions against AIM. We disagree with this

5

contention based on the plain language of Rule 219(c). Rule 219(c) provides that a trial court retains jurisdiction to rule on motions for sanctions that are "pending *** prior to the filing of a notice or motion seeking a judgment or order of dismissal." Ill. S. Ct. R. 219(c). Under rule 219(c)'s express language, a trial court is divested of jurisdiction to rule on a motion for sanctions once a "motion seeking a judgment or order of dismissal" is filed as long as a motion for sanctions is not "pending." See *id.* Thus, it is not the dismissal of the lawsuit that divests the court of jurisdiction but, rather, the filing of a "motion seeking a judgment or order of dismissal" that precludes the court from considering a sanctions motions filed thereafter. See *id.* In this case, the trial court was divested of jurisdiction to rule on any non-pending sanctions motions on August 13, 2021, when the intervenors filed their motion for dismissal/withdrawal. Because Webb did not file his motion for sanctions against AIM until over two weeks later, the trial court properly ruled that it lacked jurisdiction to rule on Webb's sanctions motion.

¶ 21                                              III. CONCLUSION

¶ 22          The judgment of the circuit court of Kankakee County is affirmed.

¶ 23          Affirmed.