*In re* MARRIAGE OF ELYSEE DAVIS, Petitioner, and VINCENT DAVIS, Respondent-Appellee (Lonathan D. Hurse, Respondent-Appellant).

First District (5th Division)    No. 1—93—0244

Opinion filed April 15, 1994.

Lonathan D. Hurse, of Chicago, appellant *pro se.*

William Taylor III, of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Lonathan D. Hurse is the attorney for Elysee Davis in her divorce proceeding. On October 21, 1992, the circuit court of Cook County entered an order directing Mr. Hurse to pay attorney fees in the amount of $600 to the attorney representing Vincent Davis in that proceeding for failure to comply with two orders previously entered by the court on September 11 and 18, 1992. The September 11, 1992, order was entered after a hearing on petitioner Elysee Davis' motion for temporary restraining order against respondent Vincent Davis to prevent him from dissipating marital income. After hearing arguments regarding the parties' marital assets, the court issued an order imposing a requirement upon Mrs. Davis to provide proof of insurance for the parties' 1989 Toyota Supra automobile. The parties appeared in court again on September 18, 1992, on Mrs. Davis' motion for withholding income from Mr. Davis' earnings for payment of child support, arrearage owed on child support and attorney fees. Mr. Davis' attorney, William Taylor, told the court that Mrs. Davis had not provided him with proof that the parties' Toyota was insured. The court entered an order requiring Mrs. Davis to produce the proof of insurance by 5 p.m., September 21, 1992, to Mr. Taylor.

Mrs. Davis provided Mr. Hurse with an application insurance

binder, dated August 18, 1992, issued by Mid-City Insurance Agency for limited liability coverage for a period of six months for the parties' Toyota. The total premium stated on the binder was in the amount of $454. The binder expired on August 21, 1992.

Mr. Taylor subsequently questioned the validity of the binder. He further demanded that Mrs. Davis provide him with an insurance policy which included coverage for theft and damage. He further stated his intention to bring a rule to show cause and a petition for attorney fees against Mrs. Davis for failing to comply with the court's directive.

On October 21, 1992, the trial court held a hearing on Mr. Taylor's rule to show cause. The parties stipulated to the following inquiries made by the court:

"1. That the parties owned a 1989 Toyota automobile.

2. That the automobile is in the sole possession of Mrs. Davis.

3. That Mrs. Davis is the only driver of the automobile.

4. That the September 11, 1992 order (paragraph 4), provided that Mrs. Davis shall provide proof of insurance for the 1989 Toyota Supra to Mr. Davis.

5. That the September 18, 1992 order (paragraph 2), provided that Mrs. Davis shall provide proof of insurance for the 1989 Toyota Supra jointly owned by the parties to Mr. Taylor by 5:00 p.m., September 21, 1992.

6. That Mrs. Davis provided an application binder for insurance for said automobile which expired on August 21, 1992 to Mr. Hurse.

7. That said binder was tendered by Mrs. Davis to Mr. Hurse for delivery to Mr. Davis in compliance with the court's September 18, 1992 order."

The court acknowledged receipt of an insurance policy with a second insurance binder, dated September 18, 1992, appended thereto tendered to the court by Mrs. Davis. The court noted that the second binder had a different date and premium amount of $225 for six months of limited coverage for the subject automobile. Mrs. Davis advised the court that she had obtained insurance for the subject automobile. Mr. Hurse acknowledged to the court that Mrs. Davis had provided him with the policy for the first time on October 21, 1992, and that he was in possession of it when the case was called that morning. The court inquired whether a copy of that policy had been given to Mr. Taylor. Hurse responded to the court that he did not provide Mr. Taylor with a copy of the policy because he had received it from Mrs. Davis earlier that day and since the parties differed over the type of insurance coverage Mrs. Davis was required

to obtain for the subject automobile, tendering it to Mr. Taylor would not have resolved the dispute.

The trial judge rejected Mr. Hurse's explanations and concluded that had he given a copy of the insurance policy to Mr. Taylor the morning of October 21, it would have obviated the need to have a hearing on the matter. After inquiring as to Mr. Taylor's time and charges for staying in court from the time the case was first called in the morning until it was finally called for hearing that afternoon, the trial judge proceeded to enter an order directing Mr. Hurse to pay $600 in attorney fees to Mr. Taylor for failing to provide the policy to him in a timely fashion pursuant to the court's previous orders of September 11 and 18, 1992. The amount was intended to compensate Mr. Taylor for four hours of his time in court. The judge then withdrew from the case and ordered that it be reassigned.

At a hearing held on December 9, 1992, before the second trial judge to whom the *Davis* proceeding was reassigned, Mr. Hurse presented a motion to reconsider the court's October 21, 1992, order. After hearing arguments from both parties, the court denied the motion. Mr. Hurse appeals from both the order itself and also from the denial of his motion to reconsider the order. The notice of appeal was filed on January 21, 1993.

Mr. Hurse insists that he was held in contempt of court and questions the authority of the trial court to hold him in contempt under these facts and circumstances. However, the October 21, 1992, order did not hold Mr. Hurse in contempt. Rather, it ordered him to pay attorney fees of $600 for his failure timely to provide a proof of insurance at the morning court call in compliance with the court discovery orders of September 11 and 18, 1992, thereby necessitating the attendance of opposing counsel until recalling the case in the afternoon. We find that the trial court had the authority under Supreme Court Rule 219(c) to so order. 134 Ill. 2d R. 219(c).

Mr. Hurse's theory is that the trial court never acquired personal jurisdiction over Mr. Hurse. Mr. Hurse maintains that his physical presence before the court and the fact that he appeared as the attorney representing Mrs. Davis did not give the court the authority to impose an affirmative duty upon Mr. Hurse to pay attorney fees. In our view Mr. Hurse, having participated in proceedings as counsel for Mrs. Davis, is subject to personal jurisdiction to the extent required to impose sanctions pursuant to Supreme Court Rule 219(c). 134 Ill. 2d R. 219(c).

Mr. Hurse concedes, as he must, that there are situations where reviewing courts uphold the authority of the trial court to exercise jurisdiction in meting out sanctions for acts committed in the course

of proceedings pending before the court where the attorney is not a party to the proceedings. (*In re Marriage of Betts* (1990), 200 Ill. App. 3d 26, 558 N.E.2d 404; *People v. Buckley* (1987), 164 Ill. App. 3d 407, 517 N.E.2d 1114.) However, Mr. Hurse would have this court distinguish those cases based on the fact that in this case it was the client who was ordered by the court to do something. The attorney, Mr. Hurse opines, was not directly ordered to do anything in the case at bar. The argument is unpersuasive. Mr. Hurse's client had turned over the insurance policy covering the automobile to him in compliance with the court's discovery order. It was the attorney who withheld the policy from the court and opposing counsel when the case was first called in the morning. By failing to inform the court and counsel that he had the proof of insurance until the afternoon call some hours later, the attorney, not the client, engaged in the conduct the court determined was sanctionable.

While erroneously maintaining that he was held in contempt, Mr. Hurse concedes in his brief that direct contempt of court involves conduct occurring in the presence of the trial court and may be punished summarily, without pleadings, notice, hearing, or opportunity to answer the charge. (*People v. Graves* (1979), 74 Ill. 2d 279, 384 N.E.2d 1311.) Mr. Hurse does not dispute that the conduct he was sanctioned for occurred in the presence of the trial court. Therefore, it is perplexing that Mr. Hurse contends that he was denied his due process rights because he was not given notice and an opportunity to be heard, since the court may address such conduct summarily.

Mr. Hurse correctly observes that the October 21 order did not state the specific acts upon which it was based. Even if the order had held Mr. Hurse in contempt, and it did not, there would be no need to state the acts upon which such an order was based. Rather, the rule is that "the court must set forth fully and specifically in its order, *or the record must clearly show,* the conduct upon which the finding of contempt is based." (Emphasis added.) (*People v. Miller* (1972), 51 Ill. 2d 76, 78, 281 N.E.2d 292.) In the instant case the record clearly shows the conduct the court wished to sanction.

A direct order imposing sanctions must be sustained upon the ground on which it was imposed, or not at all. (*Miller*, 51 Ill. 2d 76, 281 N.E.2d 292.) The purpose of this rule is to ensure that such an order is affirmed only on the basis of conduct which the trial court found offensive. *Miller*, 51 Ill. 2d 76, 281 N.E.2d 292.

The trial court was careful to enter into the record the conduct which it found deserved to be sanctioned. The record reveals that Mr. Hurse withheld the requested proof of insurance during the course of a day in court on October 21, 1992. The court learned that Mr. Hurse

had the insurance policy in the afternoon hearing not from Mr. Hurse but only through its examination of Mr. Hurse's client.

In the record the trial court stated: "When *** all the parties were present and all attorneys were present, I inquired whether or not the people were ready for a hearing, at which time the attorney for Mrs. Davis indicated, for the first time, that he desired a continuance because he was asking for time to respond to this petition. *** I believe *** that if, in fact, he had wanted a continuance, he should have at least advised me earlier in the morning so his client wouldn't have had to sit here. *** I thought it was inappropriate of him not to advise me sooner, and I thought it was inappropriate of him not to have advised counsel for Mr. Davis of his intention to request a continuance to file a response, and I set the matter over for two o'clock. *** Mr. Davis' counsel has been here since late morning. Mr. Davis has been here since nine thirty. Now for the first time at twenty minutes after three I have been produced a document that would have obviated the entire proceeding today. Production of this insurance policy would have obviated the necessity to have all of these proceedings and have the matter held over since nine thirty to three thirty today."

We affirm the sanction imposed by the court for Mr. Hurse's inexcusable failure to provide the discovery document requested in the court orders dated September 11 and 18, 1992, in a timely manner on October 21, 1992.

Affirmed.

MURRAY, P.J., and GORDON, J., concur.