# Illinois Official Reports

## Appellate Court

*Yow v. Jack Cooper Transport Co.*, 2015 IL App (5th) 140006

| | |
|---|---|
| Appellate Court Caption | CRAIG YOW and PATRICIA YOW, Plaintiffs-Appellants and Cross-Appellees, v. JACK COOPER TRANSPORT COMPANY, INC., Defendant-Appellee and Cross-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-14-0006 |
| Filed | November 5, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Madison County, No. 04-MR-37; the Hon. Barbara L. Crowder, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded with directions. |
| Counsel on Appeal | Roy C. Dripps, Charles W. Armbruster III, and Michael T. Blotevogel, all of Armbruster, Dripps, Winterscheidt & Blotevogel, LLC, of Alton, for appellants.<br><br>Michael Reda and Jason D. Johnson, both of HeplerBroom LLC, of Edwardsville, and William F. Logan and Paul L. Wickens, both of Foland, Wickens, Eisfelder, Roper & Hofer, P.C., of Kansas City, Missouri, for appellee. |

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justices Welch and Chapman concurred in the judgment and opinion.


**OPINION**

¶ 1        Plaintiffs, Craig Yow and Patricia Yow, husband and wife, brought an action pursuant to Illinois Supreme Court Rule 224 (eff. Aug. 1, 1989) seeking to identify the party or parties responsible for conditions on a trailer which injured Craig Yow while he was working for defendant, Jack Cooper Transport Company, Inc. Defendant failed to identify Auto Handling Corporation (Auto Handling), a Missouri corporation and defendant's wholly owned subsidiary, as a party responsible for the condition on the trailer prior to the running of the statute of limitations. Craig Yow, as an employee of defendant, was prohibited by workers' compensation exclusivity from suing defendant, but not from suing Auto Handling.

¶ 2        Plaintiffs now appeal from an order of the circuit court of Madison County granting their amended motion for sanctions, but awarding only the amount of money plaintiffs incurred in attorney fees in pursuing the motion and declining to impose other sanctions sought by plaintiffs. The issues raised by plaintiffs in this appeal are: (1) whether the trial court properly interpreted Illinois Supreme Court Rule 219 (eff. July 1, 2002) and (2) whether the trial court erred in holding there was no legal authority other than Rule 219 in which to impose sanctions for violations of Rule 224 orders. Defendant counterappeals the trial court's denial of its motion to dismiss for lack of subject matter jurisdiction and the award of any sanctions in favor of plaintiffs. Accordingly, the issues we must address in this case are: (1) whether the trial court possessed jurisdiction to impose a sanction and, if so, (2) whether the sanction imposed was appropriate. For the following reasons, we affirm in part, reverse in part, and remand with directions.


¶ 3                                BACKGROUND
¶ 4        On January 20, 2004, plaintiffs and coplaintiffs, Rodney Hanley and Linda Hanley, who are not parties to this appeal, filed a verified petition pursuant to Rule 224. The petition alleged plaintiffs were injured while using trailers in defendant's fleet, and, more specifically, for purposes of this appeal, that Craig Yow was injured on February 4, 2003, while using trailers in the fleet of defendant, his employer. Plaintiffs and coplaintiffs stated they needed to engage in discovery in order to identify the parties responsible for the conditions existing on trailers they were using which resulted in plaintiffs' injuries and the resulting losses to their spouses.

¶ 5        On March 5, 2004, the circuit court ordered defendant to submit for deposition in Kansas City within 45 days. The trial court ordered defendant to testify via a corporate representative and produce documents requested by plaintiffs and coplaintiffs "and to identify: the trailer manufacturer, the company and/or individual that performed any maintenance or modification to the rear loading skid areas for the trailers each petitioner was using on the dates of the alleged injuries prior to said dates." In response, defendant tendered Gary Page, defendant's vice president of maintenance.

¶ 6    At a deposition on May 3, 2004, Page produced documents relating to the purchase and titling of the two trailers in question in the case, maintenance summaries, and maintenance documents. Page testified defendant was the only party to participate in maintenance or modification of the rear-loading skid areas for the trailer used by plaintiff when he was injured. Page did not identify Auto Handling as a potentially responsible party. Page identified Cottrell, Inc. (Cottrell), as the manufacturer of the trailer being used by plaintiff when he was injured. Page testified the skids on the trailer were neither replaced nor modified prior to plaintiff's injury. He further testified any maintenance work done on the trailer was only to put the trailer back into the same position as when it arrived new. Page testified that if any skids are replaced on defendant's trailers, they are replaced with original replacement skids.

¶ 7    On May 12, 2004, defendant reported to the circuit court that it had "fully complied" with Rule 224 and sought dismissal of the Rule 224 proceedings. On May 14, 2004, the circuit court denied defendant's motion to dismiss as premature and granted plaintiffs' motion to "convert" their claims into a civil action "against Cottrell, Inc. et al." Plaintiffs filed an amended complaint on that date. Plaintiffs also filed an identical 10-count complaint in Madison County. The amended complaint did not contain any allegation that defendant provided inaccurate information in the Rule 224 discovery, but set forth that plaintiffs wanted to "convert" their claims "to allow the claims to be pursued against said defendant with summons to issue." On June 11, 2004, the trial court again considered defendant's motion to dismiss the Rule 224 proceedings and found that due to its order granting plaintiffs' motion to convert claims, it would pass on defendant's motion to dismiss with prejudice.

¶ 8    On June 24, 2004, Cottrell removed the civil case to the United States District Court for the Southern District of Illinois (district court). Cottrell also removed the Madison County case. The cases were consolidated in the district court. The notice of removal stated what was being removed as far as the Yow plaintiffs' claims was "a three-count product liability claim against Cottrell" and noted that "[the] Yow plaintiffs have not filed any claims against Craig Yow's employer, Jack Cooper." Cottrell stated it contemporaneously filed a motion to sever the Yow claims from the Hanley claims "because they involve different accidents, different underlying facts, different dates, and different witnesses." Cottrell claimed, "plaintiffs have egregiously misjoined the Yow Plaintiff's claims against Cottrell, for which there is complete diversity of citizenship, with the Hanley Plaintiffs' claims against Cottrell and Jack Cooper, for the purpose of defeating removal."

¶ 9    On June 29, 2004, Page submitted an "errata sheet" in connection with his May 3, 2004, deposition. Defendant also submitted the errata sheet to the court reporter in which Page stated:

> "I have now reviewed the tractor repair records for the rig assigned to Yow (tractor no. 7849/trailer no. 7850). Those records indicate both skids on the Yow rig were replaced. The first skid was replaced on October 21, 2002[,] with a skid manufactured by CF Bender of Kansas City, Kansas. The second skid was replaced on January 16, 2003[,] with a skid manufactured by CF Bender of Kansas City, Kansas. (Copies of the October 21, 2001 [*sic*][,] and January 16, 2003[,] maintenance records for tractor no. 7849 are attached as Exhibit 8)."

The dates for the replacements of the skids on the trailer match invoices listing "Jack Cooper Transport Co., Inc." Page further stated, "I am aware that sometimes in the Wentzville terminal our maintenance department replaces damaged Cottrell skids with skids from other manufacturers."

¶ 10    On November 5, 2004, the district court granted Cottrell's motion to sever the Yow and the Hanley claims. The court held it had subject matter jurisdiction over the plaintiffs' claims against Cottrell because plaintiffs were citizens of Missouri and Cottrell was a citizen of Georgia.

¶ 11    In 2006, Cottrell relied on an affidavit of Page in which Page stated the maintenance records showed that the skids on the trailer which injured Craig Yow were replaced and such records were "prepared and kept in the ordinary course of [defendant's] business *** and the records were created by [defendant's] employees with knowledge of the work performed." Page testified he could determine when skids are replaced because "[t]he process of replacing skids generally takes two to three hours per skid, which is consistent with the GROs attached hereto." Cottrell relied on skid replacement to argue the defect in the trailer was caused by an unforeseeable modification of the trailer and not a manufacturing defect. For example, Dr. Jerry Purswell, Cottrell's liability expert, opined that "[t]he skids on contrail trailer number 7850 are not in any substantial manner similar to those originally supplied with the trailer when manufactured."

¶ 12    Cottrell moved for summary judgment mainly on the basis that the trailer had been modified by a third party. While the trial court denied the motion on technical grounds, including hearsay and failure to include maintenance records, it specifically stated that it appeared as if Cottrell's modification argument might be valid. Ultimately, a settlement conference was held on November 27, 2007, after which the case settled. Plaintiffs' case against Cottrell was dismissed pursuant to settlement on December 21, 2007.

¶ 13    On December 11, 2009, plaintiffs filed a motion for sanctions on the basis that defendant failed to reveal the fact that the replacement skid and trailer modifications were performed by defendant's affiliate, Auto Handling, rather than defendant. Plaintiffs' counsel alleged he recently discovered Auto Handling was the party which replaced the skid and modified the trailer "in the context of a different lawsuit styled *Hale v. Cottrell*, *et al*." Plaintiffs' attorney further alleged: "But for the failure of [defendant] and its attorneys to disclose such information Plaintiffs' counsel would have timely joined [Auto Handling] as a defendant in the third party lawsuit. Such defendant would have made complete diversity lacking for federal court jurisdictional issues." Plaintiffs' attorney went on to allege that defendant's behavior was "not an isolated incident" and that "[i]n the context of the *Hale* litigation," defendant's "attorneys were found by the Jackson County Missouri Court to have misrepresented facts to yet another court in Kansas in an attempt to conceal [Auto Handling's] liability until after the statute of limitations had run." The motion alleged that *Hale* found Auto Handling "would have been timely joined as a defendant but for misrepresentations by defendant's counsel" and asked "for a similar order in the instant case and for such other and further relief as deemed just." The motion was set for hearing on December 16, 2009.

¶ 14    At the hearing, defendant raised the issue of lack of jurisdiction, arguing that as a result of removal to the district court, the circuit court did not have jurisdiction. The circuit court ordered the parties to submit briefs. The motion was reset several times. On February 4, 2011, the trial court entered an order overruling defendant's objection to jurisdiction.

¶ 15    In 2010, Craig Yow submitted an affidavit in which he averred that he settled his case with Cottrell based upon repeated statements by Cottrell's lawyers and the federal judge "that Cottrell's position that the trailer had been modified, was a strong one and we could very likely lose at trial on that issue." He set forth that he and his wife settled the case for much less than

the case would have been valued at had it not been for Cottrell's defense of modification and that "at no time was I aware that the mechanics had modified my trailer or that those mechanics were not employed by [defendant] until after the statute of limitations had expired."

¶ 16 In August 2011, defendant submitted the affidavit of Gary Schiefelbein, director of risk management, in which Schiefelbein specifically stated:

"4. In or about April 2001, Cooper Transport took over operation of the automobile transport terminal at Wentzville, Missouri. At the time Cooper Transport took over operation to the Wentzville terminal, the mechanics who performed inspections and repairs on Cooper Transport's rigs became employed by Auto Handling Corporation.

5. Since April 2001, the mechanics who perform inspections, maintenance and repairs, including repair and replacement of rear-loading skids, on Cooper Transport's rigs at the Wentzville terminal have been employed by Auto Handling."

Defendant provided a list of the mechanics who performed work on plaintiff's rig. Maintenance records provided in 2011 also showed Auto Handling routinely performed maintenance work and repairs to the skids on plaintiff's rig at the Wentzville terminal from 2000 to 2003.

¶ 17 On April 9, 2013, the circuit court conducted an evidentiary hearing during which plaintiff testified that as a result of the February 4, 2003, accident he was unable to continue working for defendant, and his losses from the accident amounted to $1,091,044.68, including medical bills and lost wages. This amount took into account wages plaintiff earned at other companies after obtaining his college degree in the years between the accident and the hearing. He testified he still has pain, suffering, and loss of normal life, and he underwent three surgeries because of injuries he received in the accident. Plaintiffs submitted evidence showing they incurred $53,625 in attorney fees as a result of prosecuting the civil case and the motion for sanctions. Defendant did not object to the factual basis for this amount, but did object on the basis whether fees could be awarded for any or all of that time.

¶ 18 Ultimately, the circuit court found defendant did not disclose that the work on Craig Yow's trailer was performed by Auto Handling in violation of its Rule 224 order, but because the claims were removed to federal court, the instant action amounted to "a spoliation-type cause of action." The circuit court found plaintiffs were limited to the remedies "as listed in Rule 219" and further stated, "This court does not have the legal authority to expand the possible sanctions under a Supreme Court Rule 224 action to include those sought by plaintiffs, however egregious the behavior of [defendant] may have been." The circuit court awarded $31,950 in attorney fees for plaintiffs' attorney's work on the sanction portion of the case, but not in the underlying civil lawsuit against Cottrell. Plaintiffs filed a timely notice of appeal, and defendant filed a cross-appeal.

¶ 19 ANALYSIS

¶ 20 I. Jurisdiction

¶ 21 We first consider defendant's argument that the circuit court lacked jurisdiction over plaintiffs' motion for sanctions. Defendant contends the circuit court did not retain jurisdiction once the case was removed to federal court, and the circuit court's authority to address a motion for sanctions only extends to a motion that was pending prior to the filing of a notice or motion seeking a judgment or order of dismissal. Defendant insists the circuit court's March 5,

- 5 -

2004, order, which required defendant to submit to a deposition in Kansas City within 45 days, adjudicated the rights of the parties and terminated the litigation, as the order automatically expired 60 days after it was issued. According to defendant, any order entered by the circuit court after March 5, 2004, is void. Defendant further contends that once the case was removed to federal court, the circuit court lost jurisdiction over this action. Plaintiffs respond the circuit court retained residual jurisdiction to impose a sanction against defendant pursuant to both Rule 219 and a court's inherent authority to enter a sanction. We agree with plaintiffs.

¶ 22    Defendant's argument that the circuit court's March 5, 2004, order adjudicated the rights of the parties and terminated the litigation is somewhat disingenuous in light of the fact that defendant sought to have the case dismissed after that date. Here, the record shows the trial court specifically denied or "passed" on defendant's motions to dismiss on May 14, 2004, and again on June 11, 2004, signifying that the litigation was ongoing and not terminated. Moreover, defendant's argument that a circuit court loses its jurisdiction as soon as it issues a Rule 224 order is defeated by the express language of Rule 224(b), which states as follows:

> "(b) Expiration and Sanctions. Unless extended for good cause, the order automatically expires 60 days after issuance. The sanctions available under Supreme Court Rule 219 may be utilized by a party initiating an action for discovery under this rule or by a respondent who is the subject of discovery under this rule." Ill. S. Ct. R. 224(b) (eff. Aug. 1, 1989).

Thus, pursuant to the express language of the rule, a circuit court may retain jurisdiction to impose sanctions for discovery violations.

¶ 23    We agree with plaintiffs that the language of Rule 224 unambiguously expresses the drafter's intent that the 60-day limit applies to the order allowing discovery, but not to the imposition of sanctions. Defendant's contention that the circuit court has no jurisdiction to impose sanctions against a party under any circumstances, even if there is a blatant violation of a circuit court's order, is simply not the law in this state. Not only does a circuit court have "inherent authority to enforce its own orders and judgments," but also Rule 219 invests the circuit court with jurisdiction. *American Society of Lubrication Engineers v. Roetheli*, 249 Ill. App. 3d 1038, 1042, 621 N.E.2d 30, 33 (1993). Rule 219(c) provides in pertinent part as follows:

> "Notwithstanding the entry of a judgment or an order of dismissal, whether voluntary or involuntary, the trial court shall retain jurisdiction to enforce, on its own motion or on the motion of any party, any order imposing monetary sanctions, including such orders as may be entered on motions which were pending hereunder prior to the filing of a notice or motion seeking a judgment or order of dismissal." Ill. S. Ct. R. 219(c) (eff. July 1, 2002).

The *Roetheli* court pointed out that while the rule was adopted to address the problem of a plaintiff who takes a voluntary nonsuit in order to avoid exposure under pending motions for sanctions, "use of the word 'including' in the rule clearly implies other circumstances where the rule may apply." *Roetheli*, 249 Ill. App. 3d at 1044, 621 N.E.2d at 34.

¶ 24    Defendant argues *Roetheli* is inapplicable to the instant case because it is factually distinguishable. In *Roetheli*, the parties agreed to a settlement at a pretrial conference and the terms of the settlement were incorporated into an agreed dismissal order which specifically provided the court would retain jurisdiction in case any party failed to execute a necessary document or pay the agreed settlement amount. *Roetheli*, 249 Ill. App. 3d at 1040, 621 N.E.2d

at 31. However, just because the *Roetheli* court explicitly stated it retained jurisdiction and the circuit court here did not does not mean *Roetheli* is inapplicable.

¶ 25 The instant case began as a Rule 224 action. Cottrell, the manufacturer, removed the case to federal court based on the federal diversity statute, 28 U.S.C. § 1332. Federal law provides that once a case is removed to federal court "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d) (2012). While section 1446 clearly prohibits state courts from taking any action on the merits of the removed case, we do not believe it prohibits a state court from sanctioning a party for preremoval conduct. In support of our determination, we rely on *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 651 N.E.2d 1071 (1995), and *In re Bennett*, 960 S.W.2d 35 (Tex. 1997) (*per curiam*).

¶ 26 In *Sander*, our supreme court cautioned against a narrow interpretation of Rule 219. In that case, the trial court dismissed a cause of action with prejudice based in part on the plaintiffs' repeated violations with regard to pleading orders. The appellate court found Rule 219 did not apply to repleading matters previously stricken. *Sander*, 166 Ill. 2d at 60-61, 651 N.E.2d at 1077. Our supreme court rejected the limited interpretation given the rule by the appellate court and concluded the plaintiffs' violations of pretrial pleading orders fell within the purview of Rule 219. *Sander*, 166 Ill. 2d at 63, 651 N.E.2d at 1079. The *Sander* court found the trial court possessed the power to enter sanctions, including a dismissal with prejudice, because apart from and independent of any authority granted by Rule 219(c), a trial court has inherent authority to control its docket and impose sanctions for the failure to comply with court orders. *Sander*, 166 Ill. 2d at 66, 651 N.E.2d at 1080.

¶ 27 In *Bennett*, the plaintiffs' attorneys filed 16 lawsuits, each of which was randomly assigned to different district courts. *Bennett*, 960 S.W.2d at 36. The attorneys desired a particular court, but none of the 16 was assigned to that court; however, the seventeeth lawsuit was. *Bennett*, 960 S.W.2d at 36. Five days after securing the forum of choice, the plaintiffs' attorneys filed notices of nonsuit in the previous 16 lawsuits. *Bennett*, 960 S.W.2d at 37. They admitted their tactic was designed to procure a particular judge in the cases. *Bennett*, 960 S.W.2d at 37. The trial judge did not sign an order of nonsuit, but instead *sua sponte* set a hearing on whether sanctions should be imposed against plaintiffs' counsel.

¶ 28 Prior to that hearing, the cases were removed to federal court. Nevertheless, the trial court went ahead and proceeded with the hearing and ordered plaintiffs' counsel to pay $10,000 each as a sanction. *Bennett*, 960 S.W.2d at 37. The Texas Supreme Court upheld the sanctions, finding the trial court did have power to sanction counsel after removal for preremoval conduct when such sanctions have no effect on the merits of the removed case in another matter, specifically stating:

> "We are also mindful that abuse of the state judicial process may be placed beyond the reach of any court, state or federal, were we to conclude that state courts should not go forward after removal with an adjudication of sanctions for pre-removal conduct of counsel. That is because federal courts have no authority to impose sanctions for pre-removal conduct that occurred in state court. *See Willy v. Coastal Corp.*, 915 F.2d 965, 968 n.8 (5th Cir. 1990), *aff'd*, 503 U.S. 131 (1992).
>
> From our review of federal precedent and in light of the practical ramifications, we conclude that state courts retain jurisdiction after removal of a case to federal court to sanction lawyers for pre-removal conduct so long as the sanction does not operate upon the merits of the underlying action." *Bennett*, 960 S.W.2d at 40.

While defendant is correct that a Texas case is not controlling in this state, we find the analysis in *Bennett* persuasive.

¶ 29    Here, the record shows that during the course of the Rule 224 action in the circuit court, defendant concealed the fact that its wholly owned subsidiary changed the skids which resulted in the injury to plaintiff, Craig Yow. This case essentially boils down to the fact defendant lied about the existence of Auto Handling, defendant's wholly owned subsidiary, until after the statute of limitations had run. Yow, as an employee of defendant, was prohibited by workers' compensation exclusivity from suing defendant, but not from suing defendant's wholly owned subsidiary. If plaintiffs knew of the existence of Auto Handling and the part it played in replacement of the skids on Mr. Yow's trailer, then plaintiffs would have added Auto Handling as a defendant to this litigation. Furthermore, the presence of Auto Handling, a Missouri corporation, would have defeated diversity and allowed the case to remain in state court. This type of blatant discovery violation threatens the integrity of the judicial system and cannot go unchecked. Under these circumstances, where defendant clearly abused the legal process, we find the circuit court retained jurisdiction pursuant to not only Rule 219(c), but also its inherent authority to sanction defendant for failing to disclose Auto Handling.

¶ 30                                    II. Sanctions

¶ 31    We next address the issues raised by plaintiffs concerning the imposition of sanctions. Plaintiffs argue Rule 219 provides not only for the imposition of attorney fees, but also a "monetary penalty" in a case such as this where the defendant's misconduct is "willful." Plaintiffs contend defendant should be required to pay the full extent of Auto Handling's potential exposure in the underlying case because any sanction less than that would give a defendant an incentive to violate Rule 224 orders to avoid disclosing the identity of any potentially responsible party in which it holds a financial interest. Defendant responds the circumstances in the present case do not justify the imposition of any sanctions.

¶ 32    Rule 219(c) authorizes a trial court to impose a sanction on a party who unreasonably refuses to comply with any provisions of the supreme court's discovery rules or an order entered pursuant to the rules. Ill. S. Ct. R. 219(c) (eff. July 1, 2002); *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 120, 692 N.E.2d 286, 289 (1998). The rule "outlines a nonexclusive list of sanctions" that may be imposed. *Donner v. Deere & Co.*, 255 Ill. App. 3d 837, 841, 628 N.E.2d 1171, 1173 (1993). The rule specifically states in pertinent part as follows:

> "In lieu of or in addition to the foregoing, the court, upon motion or upon its own initiative, may impose upon the offending party or his or her attorney, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred as a result of the misconduct, including a reasonable attorney fee, and when the misconduct is wilful, a monetary penalty." Ill. S. Ct. R. 219(c) (eff. July 1, 2002).

The sanction imposed by the court must be just and proportionate to the offense. *Gonzalez v. Nissan North America, Inc.*, 369 Ill. App. 3d 460, 464, 860 N.E.2d 386, 390 (2006).

¶ 33    "A just order of sanctions under Rule 219(c) is one which, to the degree possible, insures both discovery and a trial on the merits." *Shimanovsky*, 181 Ill. 2d at 123, 692 N.E.2d at 291. Determining an appropriate sanction depends on the specific circumstances of each case.

*Gonzalez*, 369 Ill. App. 3d at 465, 860 N.E.2d at 390. Factors to be considered in determining what sanction is appropriate are: "(1) the surprise to the adverse party; (2) the prejudicial effect of the proffered testimony or evidence; (3) the nature of the testimony or evidence; (4) the diligence of the adverse party in seeking discovery; (5) the timeliness of the adverse party's objection to the testimony or evidence; and (6) the good faith of the party offering the testimony or evidence." *Shimanovsky*, 181 Ill. 2d at 124, 692 N.E.2d at 291. The decision to impose a sanction under Rule 219(c) (*Shimanovsky*, 181 Ill. 2d at 120, 692 N.E.2d at 289) or a court's inherent authority lies within the sound discretion of the trial court. *Sander*, 166 Ill. 2d at 67, 651 N.E.2d at 1081.

¶ 34    In the instant case, defendant failed to disclose that maintenance, including replacement of the skids that caused plaintiffs' injuries, was done by Auto Handling, rather than by defendant until after the statute of limitations had run. As set forth in the jurisdictional section of this opinion, this caused a variety of problems. It also amounted to the manufacturer, Cottrell, being able to argue an empty chair defense. Cottrell argued the problem was not in the manufacture of the trailer, but with alterations done by an unnamed third party. The trial court found it "axiomatic that [defendant] should have disclosed 'the company and/or individuals that performed maintenance or modifications of the rear loading skid areas for the trailers' (direct quotation from the Rule 224 order)." As a sanction, the circuit court awarded $31,950 in attorney fees for plaintiffs' counsel's work in the sanctions portions of the case but did not award fees from plaintiffs' underlying lawsuit against Cottrell or any other sanction. The circuit court specifically found it did "not have the legal authority to expand the possible sanctions under a Supreme Court Rule 224 action to include those sought by plaintiffs, however egregious the behavior of [defendant]."

¶ 35    As previously discussed, Rule 219(c) specifically allows for the imposition of attorney fees and monetary sanctions. Additionally, a trial court is also allowed to sanction a party for failure to comply with court orders pursuant to its inherent authority to control its docket. *Sander*, 166 Ill. 2d at 66-67, 651 N.E.2d at 1080. In the case of *In re Marriage of Davis*, 261 Ill. App. 3d 617, 633 N.E.2d 911 (1994), our colleagues in the First District affirmed an award of attorney fees as a sanction.

¶ 36    In that case, the trial court ordered the wife in a divorce proceeding to provide proof of insurance for the couple's automobile. *In re Marriage of Davis*, 261 Ill. App. 3d at 617, 633 N.E.2d at 912. At a later hearing on a rule to show cause, the wife presented the court with a current insurance policy. *In re Marriage of Davis*, 261 Ill. App. 3d at 618, 633 N.E.2d at 913. The wife's attorney received the policy earlier that day and was in possession of it when the case was called, but failed to provide it to opposing counsel. The court awarded legal fees for four hours of opposing counsel's time, finding that if the wife's attorney had tendered opposing counsel a copy of the policy earlier that morning, "it would have obviated the need to have a hearing on the matter." *In re Marriage of Davis*, 261 Ill. App. 3d at 619, 633 N.E.2d at 913. The First District found the trial court possessed authority to award attorney fees under Rule 219(c) and affirmed "the sanction imposed by the court for [the wife's attorney's] inexcusable failure to provide the discovery document requested *** in a timely manner." *In re Marriage of Davis*, 261 Ill. App. 3d at 621, 633 N.E.2d at 915.

¶ 37    Here, we cannot say the trial court abused its discretion in awarding $31,950 for attorney fees for plaintiffs' counsel's work in the underlying sanction pleadings and hearings. Accordingly, we affirm that award. As previously discussed, under Rule 219(c) not only is an

attorney fee appropriate, but also a monetary penalty may be appropriate if the misconduct is found to be willful.

¶ 38   Plaintiffs' proposed sanctions include: (1) requiring defendant to "step into the shoes" of Auto Handling so that plaintiffs' claims against Auto Handling would proceed as if timely filed prior to the expiration of any statute of limitation; (2) converting the case into a cause of action for plaintiffs' injuries and damages with defendant and Auto Handling as the defendants; (3) barring defendant and Auto Handling from raising affirmative defenses in any subsequent proceedings, including any statute of limitations defense and any defense of *res judicata*, issue preclusion, collateral estoppel, previous settlements or dismissals, workers' compensation exclusivity, or any claim that some other party was responsible for the modification; and (4) entering a finding that defendant had deliberately violated an order of the circuit court, and enter said finding in subsequent proceedings by plaintiffs against defendant related to defendant's misconduct. The trial court should feel free to consider and impose any of these four sanctions or any other appropriate sanction under Rule 219(c).

¶ 39   We decline, however, at this time plaintiffs' request for us to order defendant to pay plaintiffs $1,194,880.12 as a sanction for defendant's violation of the circuit court's Rule 224 order. Instead, we find the circuit court erred as a matter of law in finding it did not have the authority to impose any sanctions in addition to the $31,950. Accordingly, we reverse that portion of the trial court's order and remand with directions for the circuit court to consider and weigh the factors listed above to determine whether or not additional sanctions are appropriate under the circumstances. The circuit court must consider the facts of this particular case, apply the appropriate criteria, and determine what particular additional sanctions, if any, should be imposed. As the circuit court has before it the affidavit, testimony, and deposition of plaintiff, Craig Yow, the evidentiary hearing of April 9, 2003, and proposed findings of fact and law from both parties, the record is ripe for the circuit court to exercise its discretion as to the amount of monetary sanctions beyond its award of attorney fees. We direct the circuit court to take the matter under advisement and make that decision.

¶ 40                                    CONCLUSION

¶ 41   For the foregoing reasons, we affirm the award of $31,950 but reverse that portion of the order finding as a matter of law the trial court was without authority to impose additional attorney fees and sanctions and remand for further proceedings consistent with the directions in this opinion.

¶ 42   Affirmed in part and reversed in part; cause remanded with directions.